## VERDICT NOT VITIATED BY ERROR IN CHARGE AS TO ONE BRANCH OF THE CASE.

Circuit Court of Geauga County.

THE CLEVELAND CITY RAILWAY COMPANY v. AUGUSTA L. POWELL.

Decided, 1909.

*Trials—General Verdict for Plaintiff Makes Erroneous Charge as to One Branch of Case Immaterial.*

Where a jury has returned a general verdict in favor of the plaintiff and there was an erroneous charge as to one branch of her claim, but no error as to another branch of the case which of itself would entitle her to recover the judgment which she obtained, the judgment will not be disturbed.

HENRY, J. (orally); (sitting in place of Metcalfe, J.); COOK, J., concurs; LAUBIE, J., dissents.

This is a proceeding in error prosecuted to reverse a $10,000 judgment recovered for personal injuries sustained by the defendant in error on account of the falling upon her of a trolley pole from an electric car in the city of Cleveland. She was a pedestrian upon the street. We do not care to discuss all the assignments of error that were made in this case. We have examined them all and we find only one which we deem worthy of discussion in the time that is at our disposal now. We find nowhere any prejudicial error in the assignments that we may thus pass over.

It is conceded, however, that there was error in the charge as to one branch of the claim of the plaintiff below; but it is contended on her behalf that there was another branch of the case which of itself would entitle her to recover the judgment which she obtained, and with respect to which no error intervened.

A number of authorities are cited to us to establish the proposition that where a jury finds a general verdict upon the issues in a case in favor of either party it is presumed that the verdict is founded upon a finding in favor of the prevailing party

upon all the issues; and if there were, for example, two defenses
interposed in an action and with respect to one of those defenses
the court erroneously charged the jury, and with respect to
the other no error intervened, and a general verdict upon all
the issues was returned in favor of the defendant, the error was
not available to the defeated party, because the defense with
respect to which there was no error will be deemed to have been
one at least of the defenses upon which the verdict of the jury
was founded. It is, however, said that the cases cited to this
point, among which are *Stiles* v. *Haverstick et al*, 23 O. S., 626;
*Union Central Life Insurance Company* v. *Sutphin*, 35 O. S.,
360;  *Tood* v. *Wick*, 36 O. S., 370; *Beecher* v. *Dunlap et al*, 52
O. S., 64, and *McAllister* v. *Hertzell*, 60 O. S., 69, are all cases
where the verdict was in favor of the defendant; and it is
suggested that the rule can not apply in like manner when the
verdict is in favor of the plaintiff upon a cause of action predi-
cated indifferently on any or all of two or more grounds, and
that for that reason it is not applicable to this case.

One case in the Supreme Court, not cited by counsel and not
accurately placed in Bates Digest, so that we were put to con-
siderable trouble to find it, though it was known by one mem-
ber of the court, at least, to have been cited on a former oc-
casion (the case of *The Pennsylvania Company* v. *Miller & Com-
pany*, 35 O. S., 541), seems to give some countenance to that dis-
tinction, if we give it full credit at this time. The form of the
verdict for the plaintiff is not recited in the report of that case,
and hence it does not clearly appear that the rule there laid
down applies to this precise point. But, in any event, a majority
of the court are unable to reconcile that decision, in its attempt-
ed application to this case, with the other decisions of the court
of last resort in this state which I have already cited. In view
of a decision by the Supreme Court in the case of *Butler* v. *Knee-
land et al*, 23 O. S., 196, which, though of earlier date, is seem-
ingly inconsistent with *Pennsylvania Company* v. *Miller & Com-
pany*, and in view also of this long line of authorities in some
of which in the syllabus, the rule is stated generally, and not
limited to the case of a verdict for the defendant, a majority of
the court are constrained to hold that the distinction urged upon

us by the defendant in error is well founded and that the admitted error in the charge on the question of the degree of proof necessary to defeat a *prima facie* case made by the plaintiff is rendered immaterial by the general verdict of the jury, upon all the issues in the case, in favor of the plaintiff. The verdict here is sustainable as including a finding of negligent failure to hold the trolley line; and that suffices, since we find no error in that aspect of the matter. Although we come to this conclusion with some hesitation and with dissent on the part of our brother Laubie as to the point I have discussed we nevertheless think the judgment below ought to be affirmed and it is affirmed.

---

## CREDITOR BOUND BY HIS BOOKKEEPER'S APPLICATION OF PAYMENTS.